The Honorable Brent Davis Prosecuting Attorney Second Judicial Circuit P.O. Box 491 Jonesboro, AR 72403
Dear Mr. Davis:
This is in response to your request for an opinion on the following question:
 Is a municipality responsible for the cost of housing a prisoner in the county jail when there has been no offense committed in the municipality for which he is being jailed and the only reason he is being jailed is because an officer of the municipality stopped him, determined he had an out-of-state felony warrant pending against him, and then the municipal officer delivers him to the county jail for detention based on the out-of-state warrant?
I am unable to provide a definitive answer to this question based upon existing legislative enactments and case law authority. There is no statute directly addressing this situation, nor has my research yielded any helpful case law. While it is in my opinion arguable, as discussed below, that the municipality is not responsible for this cost, it should be emphasized that only the legislature or the judiciary can conclusively resolve the matter.
The argument in favor of the city would, I believe, be based primarily upon A.C.A. §§ 12-41-503 and -504 (Repl. 1995), and 14-14-802(a)(2) (1987). Previous opinions of this office have concluded that A.C.A. §12-41-503, regarding the county jailer's duty to receive prisoners, places an affirmative obligation on the county sheriff to accept prisoners who are apprehended by law enforcement officers within the county. See
Op. Att'y Gen. 88-386, citing Op. Att'y Gen. 81-106. See also Unofficial Opinions 86-573 and 84-154. The county's general obligation to keep and feed prisoners confined in the county jail is found in A.C.A. §12-41-504, which provides:
 The quorum court in each county shall prescribe the method and procedure for feeding and keeping prisoners confined in the county jail and shall provide for payment for food and services. [Emphasis added.]
Section 14-14-802(a)(2) provides, moreover, that the county, acting through the quorum court, must make provision for "the custody of persons accused or convicted of crimes[.]"
It may thus be successfully contended, based upon the above provisions, that the county must take custody of the prisoner who was apprehended on an out-of-state warrant. And the county will, it seems, be responsible for the associated costs, pursuant to § 12-41-504, supra, unless authority exists for making the municipality bear this expense. In this regard, reference must be made to A.C.A. § 12-41-506 (Repl. 1995) which, in the absence of an agreement on jail costs, authorizes the county to establish "a daily fee to be charged municipalities for keeping prisoners of municipalities in the county jail." A.C.A. § 12-41-506(a)(1). The fee must be based on "reasonable expenses" incurred by the county (id. at subsection (a)(2)), and must be paid by "[m]unicipalities whose prisoners are maintained in the county jail. . . ." Id. at subsection (b)(1).[1]
The question thus arises whether prisoners who are apprehended by municipal officers on out-of-state warrants are "prisoners of [the] municipalities" for purposes of § 12-41-506. This is, in my opinion, the only provision which possibly suggests that the municipality bears responsibility for these costs.[2] It must be noted in this regard that the statute does not define "prisoners of municipalities." This office has previously opined that an offender who was arrested by a municipal law enforcement officer would be considered a municipal prisoner if the offense is a violation of a municipal ordinance or Arkansas statutory law. See Ops. Att'y Gen. 91-409, 91-040, and Unofficial Op. 84-154. My research has yielded no clear authority for the proposition, however, that § 12-41-506 applies where there is no municipal or state (Arkansas) law offense. Can it reasonably be contended that the offender in that instance is being "maintained in the county jail" for the municipality?
While the answer to your question is by no means clear from a reading of the statutes, it is my opinion that a persuasive argument can be made that the prisoner is not a municipal prisoner under these facts. Although an argument could be made to the contrary, it is unlikely, in my opinion, that A.C.A. § 12-41-506 authorizes the county to pass this cost on to the municipality. As noted above, however, the absence of any clear guidance on the question suggests the need for legislative clarification.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] The fee must also be paid "[w]hen a person is sentenced to a county jail for violating a municipal ordinance. . . ." See also Op. Att'y Gen.95-249.
[2] The Uniform Criminal Extradition Act (A.C.A. §§ 16-94-201 through -231 (1987)) is silent on the question.